FILED DECEMBER ___, 2009

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------------x

STUART L. LONGMAN,

        Plaintiff,                    Case No. _____

-against-

TRANS UNION LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; AND EQUIFAX, INC.

        Defendants.

-----------------------------------------------------------------x

## COMPLAINT

COMES NOW STUART L. LONGMAN (the "Plaintiff"), by and through Mark Stern & Associates, L.L.C., his attorneys, who alleges as follows:

### I.   JURISDICTION

1. The jurisdiction of this Court is based upon 28 U.S.C. §1331, because the matter is brought pursuant to 15 U.S.C. § 1681 *et seq.* of the laws United States, and is within the time period set forth in 15 U.S.C. § 1681(p).

### II.   VENUE

2. Venue is based pursuant to (i) 28 U.S.C. §1391(b)(1), because each of the defendants, Trans Union LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian")

and Equifax, Inc. ("Equifax"; Trans Union, Experian, and Equifax are each a "Defendant" herein; and together are sometimes referred to herein, as the "Defendants") resides in this District, (ii) 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims stated herein occurred in this District and (iii) 28 U.S.C. §1391(c) because Defendants are subject to the personal jurisdiction of this District.

### III.    THE PARTIES

3.  Plaintiff is an individual citizen of the State of Connecticut, with a residential address located at 424 West Mountain Road, Ridgefield, Connecticut.

4.  Upon information and belief Trans Union is a "credit reporting agency" as defined in 15 U.S.C. § 1681a(f) with a business address located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

5.  Upon information and belief Trans Union is registered to conduct business in the State of Connecticut, and actually conducts business in the State of Connecticut.

6.  Upon information and belief Experian is a "credit reporting agency" as defined in 15 U.S.C. § 1681a(f) with a business address located at 475 Anton Boulevard, Costa Mesa, California 92626.

7.  Upon information and belief Experian is registered to conduct business in the State of Connecticut, and actually conducts business in the State of Connecticut.

8.  Upon information and belief Equifax is a "credit reporting agency" as defined in 15 U.S.C. § 1681a(f) with a business address located at 1550 Peachtree Street, NW, Atlanta, Georgia, 30309.

9. Upon information and belief Equifax actually conducts business in the State of Connecticut.

## IV. FACTS RELEVANT TO ALL COUNTS

10. In or about July 2009, Wachovia Bank, N.A. began improperly reporting the status of an account (the "Account") that Plaintiff had with said bank.

11. A federal lawsuit has been filed against Wachovia Bank, N.A. in connection with such improper reporting of the Account, which bears Case Number: 3:09-CV-1669 JCH.

12. On or about November 10, 2009, Plaintiff delivered written notice to Trans Union informing Trans Union of the incorrect reporting of the Account and providing proof of timely payments along with a request to correct the inaccurate information. A true copy of said letter to Trans Union is attached hereto and made a part hereof as Exhibit "A".

13. On or about November 10, 2009, Plaintiff delivered written notice to Experian informing Experian of the incorrect reporting of the Account and providing proof of timely payments along with a request to correct the inaccurate information. A true copy of said letter to Experian is attached hereto and made a part hereof as Exhibit "B".

14. On or about November 10, 2009, Plaintiff delivered written notice to Equifax informing Equifax of the incorrect reporting of the Account and providing proof of timely payments along with a request to correct the inaccurate information. A true copy of said letter to Equifax is attached hereto and made a part hereof as Exhibit "C".

15. Each Defendant continued to publish the inaccurate information after notice.

16. On or about November 24, 2009, Plaintiff's counsel delivered an additional notice to Trans Union regarding the disputed reporting of inaccurate information and demanding

that Trans Union desist and refrain from any future reporting of the Account other than as "disputed". A true copy of said letter to Trans Union is attached hereto and made a part hereof as Exhibit "D".

17. On or about November 24, 2009, Plaintiff's counsel delivered an additional notice to Experian regarding the disputed reporting of inaccurate information and demanding that Experian desist and refrain from any future reporting of the Account other than as "disputed". A true copy of said letter to Experian is attached hereto and made a part hereof as Exhibit "E".

18. On or about November 24, 2009, Plaintiff's counsel delivered an additional notice to Equifax regarding the disputed reporting of inaccurate information and demanding that Equifax desist and refrain from any future reporting of the Account other than as "disputed". A true copy of said letter to Equifax is attached hereto and made a part hereof as Exhibit "F".

### V. COUNT II - WILLFUL NONCOMPLIANCE UNDER 15 U.S.C. 1681n FOR FAILING TO FOLLOW REASONABLE PROCEDURES UNDER 15 U.S.C. § 1681e(b), THE FEDERAL FAIR CREDIT REPORTING ACT

19. Plaintiff realleges paragraphs 1 through 18 inclusive and incorporates each and every allegation as though set forth in full hereat.

20. Each Defendant had a duty to follow reasonable procedures to assure the maximum accuracy of the information each reported concerning Plaintiff's Account.

21. Each Defendant reported the inaccurate and false information to third parties.

22. Each Defendant knew that the information was inaccurate and false, but continued to report such inaccurate and false information despite written notices of the inaccuracy.

23. Each Defendant acted with malice and a conscious disregard for Plaintiff by reporting the inaccurate and false information despite notices, written or otherwise, that such information was inaccurate and false.

24. As a direct and proximate result of each Defendant's respective willful failure to follow reasonable procedures, Plaintiff has suffered, and continues to suffer, loss of ability to obtain credit, pecuniary damages, and loss of earning capacity, all resulting in substantial monetary damages.

## VI. COUNT II - NEGLIGENT NONCOMPLIANCE UNDER 15 U.S.C. 1681o FOR FAILING TO FOLLOW REASONABLE PROCEDURES UNDER 15 U.S.C. § 1681e(b), THE FEDERAL FAIR CREDIT REPORTING ACT

25. Plaintiff realleges paragraphs 1 through 18 inclusive and incorporates each and every allegation as though set forth in full hereat.

26. Each Defendant had a duty follow reasonable procedures to assure the maximum accuracy of the information each reported concerning Plaintiff.

27. Each Defendant knew or should have known that failing to follow reasonable procedures to assure maximum accuracy would harm Plaintiff.

28. Each Defendant breached its respective duty to Plaintiff by reporting inaccurate information concerning the Account after receiving written notices that such reporting was inaccurate and false.

29. As a direct and proximate result of each Defendant's respective negligence in failing to follow reasonable procedures, Plaintiff has suffered, and continues to suffer, loss of ability to obtain credit, pecuniary damages, and loss of earning capacity, all resulting in substantial monetary damages.

## VII. COUNT III - CONNECTICUT COMMON LAW NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

30. Plaintiff realleges paragraphs 1 through 18 inclusive and incorporates each and every allegation as though set forth in full hereat.

31. Each Defendant should have know that its respective conduct of reporting inaccurate, false and defamatory information regarding the Account involved an unreasonable risk of causing emotional distress.

32. Each Defendant should have known that such emotional distress might result in illness or bodily harm to Plaintiff due to Plaintiff's severely limited ability to earn money and make a living due to inaccurate and false reporting of the Account.

33. Plaintiff's emotional distress was reasonably foreseeable based on each Defendant's respective conduct.

34. As a direct and proximate result of each Defendant's respective conduct, Plaintiff has suffered severe emotional distress and injury, resulting in substantial monetary damages.

## VIII. COUNT IV - CONNECTICUT COMMON LAW DEFAMATION

35. Plaintiff realleges paragraphs 1 through 18 inclusive and incorporates each and every allegation as though set forth in full hereat.

36. Each Defendant published false statements to various third parties, including lenders that Plaintiff was working with to obtain financing for various commercial projects.

37. The defamatory information identified Plaintiff to such third parties.

38. The false written publications made by each respective Defendant concerning the Account are libel *per se*.

49. Each Defendant acted with malice because each Defendant published the inaccurate and false information concerning the Account in reckless disregard of Plaintiff and the inaccuracy and falsity of such information.

40. By direct and proximate cause of each Defendant's respective defamatory statements, Plaintiff has suffered severe loss of reputation in his community and as a businessman.

## IX.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff claims relief as follows:

*As to Count I, pursuant to 15 U.S.C. § 1681(n):*

1. Actual damages;
2. Punitive damages;
3. Reasonable attorneys fees;
4. Costs; and

*As to Count II, pursuant to 15 U.S.C. § 1681(o):*

1. Actual damages;
2. Reasonable attorneys fees;

3. Costs; and

*As to Count III, Connecticut Common Law - Negligent Infliction of Emotional Distress:*

1. Damages;

2. Reasonable attorneys fees;

3. Such other and further relief as the court deems just and proper; and,

*As to Count IV, Connecticut Common Law - Defamation:*

1. Damages;

2. Reasonable attorneys fees; and

3. Such other and further relief as the court deems just and proper.

      Respectfully submitted.

      THE PLAINTIFF

      By: _____
      Michael A. Carbone, Esq. (CT24425)
      Mark Stern & Associates, L.L.C.
      PO Box 2129
      Norwalk, CT 06852-2129
      Juris No.: 419524
      Phone: (203) 853-2222
      Facsimile: (203) 857-0593
      Email: mac@msternlaw.com

DATED:    December 10, 2009
              Norwalk, Connecticut

## X. **DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff respectfully demands a jury trial of the within action.

        Respectfully submitted.

        THE PLAINTIFF

        By: _/s/ Michael A. Carbone_
        Michael A. Carbone, Esq. (CT24425)
        Mark Stern & Associates, L.L.C.
        PO Box 2129
        Norwalk, CT 06852-2129
        Juris No.: 419524
        Phone:  (203) 853-2222
        Facsimile:  (203) 857-0593
        Email:  mac@msternlaw.com

DATED:    December 10, 2009
              Norwalk, Connecticut

# STUART L LONGMAN
### 424 WEST MOUNTAIN ROAD
### RIDGEFIELD CT 06877

November 10, 2009

Trans Union Consumer Relations
P. O. Box 2000
Chester, PA  19022-2000

Re:   Stuart L. Longman, 424 West Mountain Road, Ridgefield, CT 06877
      SS# 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
      Credit File #211016124

Dear Sir/Madam:

Your file incorrectly reports that my payments on the Wachovia Mortgage Account #3201010000870818 are 120 days late. Attached please find copies of the last four payments confirming that the mortgage was never paid late.

Please correct your files and send me a corrected copy of the complete report.

I understand you have 30 days within which to comply. Thank-you for your cooperation.

Sincerely,

*/s/ Stuart L. Longman*

Stuart L. Longman
(enclosure)

PHONE (203)438-9006 • FAX

**EXHIBIT A**

# STUART L LONGMAN
### 424 WEST MOUNTAIN ROAD
### RIDGEFIELD CT 06877

November 10, 2009

Experian Credit Services
NCAC
P. O. Box 9701
Allen, TX 75013

Re:  Stuart L. Longman, 424 West Mountain Road, Ridgefield, CT 06877
     SS# 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
     Credit File
     Report #1756099070

Dear Sir/Madam:

Your file incorrectly reports that my payments on the Wachovia Mortgage Account #3201010000870818 are 120 days late. Attached please find copies of the last four payments confirming that the mortgage was never paid late.

I understand you have 30 days within which to comply.

Sincerely,

Stuart L. Longman
(enclosure)

PHONE (203)438-9006 • FAX

**EXHIBIT B**

STUART L LONGMAN
424 WEST MOUNTAIN ROAD
RIDGEFIELD CT 06877

November 10, 2009

Equifax Information Services LLC
P. O. Box 105518
Atlanta, GA 30348

Re:  Stuart L. Longman, 424 West Mountain Road, Ridgefield, CT 06877
     SS# 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
     Credit File
     Confirmation #7233034583

Dear Sir/Madam:

Your file incorrectly reports that my payments on the Wachovia Mortgage Account #320101000870818 are 120 days late. Attached please find copies of the last four payments confirming that the mortgage was never paid late.

Please correct your file and send me a corrected copy of the complete credit file.

I understand you have 30 days within which to comply.

Sincerely,

Stuart L. Longman

PHONE (203)438-9006 • FAX (

EXHIBIT C

# MARK STERN & ASSOCIATES, L.L.C.

### ATTORNEYS AND COUNSELORS AT LAW

*Law Offices at River Street*

16 RIVER STREET - SECOND FLOOR SOUTH
PO BOX 2129
NORWALK, CT 06852-2129

TELEPHONE (203) 853-2222

FACSIMILE (203) 857-0593

EMAIL ADDRESS
MARK@MSTERNLAW.COM

NEW YORK SERVICE ADDRESS
132 NASSAU ST - SUITE 1023
NEW YORK, NY 10038

November 24, 2009

**VIA EXPRESS MAIL**
Trans Union Consumer Relations
PO BOX 2000
Chester, PA 19022-2000

EH802616035US

RE: Longman vs. Wachovia
USDC (CT) Case No 3:09-cv-1669
==================================

Sirs:

    This office represents Stuart Longman. In or about October 2008, Wachovia Bank began improperly reporting the status of an account that Mr. Longman had with that bank. Mr. Longman previously sent you correspondence disputing the improper reporting of this account (copy enclosed). Mr. Longman has now filed suit against Wachovia for, inter alia, violation of the Fair Credit Reporting Act (copy enclosed). Our client has indicated that you are no longer reporting this account as disputed, despite his current payment on the account.

    **Demand is made hereby that you desist and refrain** from any future reporting of this account other than as disputed - pending litigation or otherwise improperly reporting this account until final resolution of the litigation. Failure to do so will result in our client taking such further and proper actions as may be in their best interests, which may include filing of suit against your company. Please confirm in writing to the undersigned that the account is being reported accordingly. Thank you for your prompt attention to the above.

    Please call or write the undersigned if you have any further question or comment.

Very truly yours,

*/s/ Mark Stern*
MARK STERN, Esq.

Encls.
:sm
cc: Stuart Longman

NEW YORK     *     CALIFORNIA

**EXHIBIT D**

EH 802616035 US

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE

Mailing Label
Label 11-B, March 2004

**Post Office To Addressee**

**CUSTOMER USE ONLY**

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No. _____

☐ **WAIVER OF SIGNATURE** (Domestic Mail Only)
Additional merchandise insurance is void if customer requests waiver of signature.
I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

Federal Agency Acct. No. or
Postal Service Acct. No. _____

**NO DELIVERY**
☐ Weekend  ☐ Holiday    Mailer Signature _____

FROM: (PLEASE PRINT)  PHONE ( 203 ) 853-2222
Mark Stern, ESQ
16 River St.
PO Box 2129
Norwalk, CT 06852-2129

TO: (PLEASE PRINT)  PHONE ( )

**Trans Union Comsumer Relations**
**P.O. Box 2000**
**Chester, PA 19022-2000**

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call **1-800-222-1811**

PRESS HARD. YOU ARE MAKING 3 COPIES.

# MARK STERN & ASSOCIATES, L.L.C.

ATTORNEYS AND COUNSELORS AT LAW

*Law Offices at River Street*

16 RIVER STREET - SECOND FLOOR SOUTH
PO BOX 2129
NORWALK, CT 06852-2129

TELEPHONE (203) 853-2222

FACSIMILE (203) 857-0593

EMAIL ADDRESS
MARK@MSTERNLAW.COM

NEW YORK SERVICE ADDRESS
132 NASSAU ST - SUITE 1023
NEW YORK, NY 10038

November 24, 2009

VIA EXPRESS MAIL

Experian Credit Services
PO BOX 9701
Allen, TX 75013

EH421316616US

RE: Longman vs. Wachovia
USDC (CT) Case No 3:09-cv-1669

==================================

Sirs:

This office represents Stuart Longman. In or about October 2008, Wachovia Bank began improperly reporting the status of an account that Mr. Longman had with that bank. Mr. Longman previously sent you correspondence disputing the improper reporting of this account (copy enclosed). Mr. Longman has now filed suit against Wachovia for, inter alia, violation of the Fair Credit Reporting Act (copy enclosed). Our client has indicated that you are no longer reporting this account as disputed, despite his current payment on the account.

**Demand is made hereby that you desist and refrain** from any future reporting of this account other than as disputed - pending litigation or otherwise improperly reporting this account until final resolution of the litigation. Failure to do so will result in our client taking such further and proper actions as may be in their best interests, which may include filing of suit against your company. Please confirm in writing to the undersigned that the account is being reported accordingly. Thank you for your prompt attention to the above.

Please call or write the undersigned if you have any further question or comment.

Very truly yours,

MARK STERN, Esq.

Encls.
:sm
cc: Stuart Longman

NEW YORK   *   CALIFORNIA   *

**EXHIBIT E**



**Mailing Label**
Label 11-B, March 2001

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE

**Post Office To Addressee**

EH 421316616 US

FROM: (PLEASE PRINT) PHONE (203) 358-2022

Mark Stern, CSG
16 River St.
PO Box 2129
Norwalk, CT 06852-2129

TO: (PLEASE PRINT)

**Experian Credit Services**
**NCAC**
**P.O. Box 9701**
**Allen, TX 75013**

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

FOR PICKUP OR TRACKING
Visit www.usps.com
Call 1-800-222-1811

# MARK STERN & ASSOCIATES, L.L.C.

ATTORNEYS AND COUNSELORS AT LAW

*Law Offices at River Street*

16 RIVER STREET - SECOND FLOOR SOUTH
PO BOX 2129
NORWALK, CT 06852-2129

---

TELEPHONE (203) 853-2222

FACSIMILE (203) 857-0593

EMAIL ADDRESS
MARK@MSTERNLAW.COM

NEW YORK SERVICE ADDRESS
132 NASSAU ST - SUITE 1023
NEW YORK, NY 10038

November 24, 2009

VIA EXPRESS MAIL
Equifax Information Services
PO Box 105518
Atlanta, GA 30348

EH802616049US

RE:   Longman vs. Wachovia
      USDC (CT) Case No 3:09-cv-1669

==================================

Sirs:

    This office represents Stuart Longman. In or about October 2008, Wachovia Bank began improperly reporting the status of an account that Mr. Longman had with that bank. Mr. Longman previously sent you correspondence disputing the improper reporting of this account (copy enclosed). Mr. Longman has now filed suit against Wachovia for, inter alia, violation of the Fair Credit Reporting Act (copy enclosed). Our client has indicated that you are no longer reporting this account as disputed, despite his current payment on the account.

    **Demand is made hereby that you desist and refrain** from any future reporting of this account other than as disputed - pending litigation or otherwise improperly reporting this account until final resolution of the litigation. Failure to do so will result in our client taking such further and proper actions as may be in their best interests, which may include filing of suit against your company. Please confirm in writing to the undersigned that the account is being reported accordingly. Thank you for your prompt attention to the above.

    Please call or write the undersigned if you have any further question or comment.

Very truly yours,

MARK STERN, Esq.

Encls.
:sm
cc: Stuart Longman

NEW YORK   *   CALIFORNIA

**EXHIBIT F**

EH 802616049 US

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE

**Mailing Label**
Label 11-B, March 2004

**Post Office To Addressee**

PRESS HARD. YOU ARE MAKING 3 COPIES.

CUSTOMER USE ONLY

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.

WAIVER OF SIGNATURE (Domestic Mail Only)
☐ Additional merchandise insurance is void if customer requests waiver of signature. I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

Federal Agency Acct. No. or Postal Service Acct. No.

NO DELIVERY
☐ Weekend  ☐ Holiday

Mailer Signature

FROM: (PLEASE PRINT)  PHONE ( 203 853-2212
Mark Stern, ESQ
16 River St.
PO Box 2129
Norwalk, CT 06852-2129

TO: (PLEASE PRINT)  PHONE (

**Equifax Information Services LLC
P.O. Box 105518
Atlanta, GA 30348**

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

**FOR PICKUP OR TRACKING
Visit www.usps.com
Call 1-800-222-1811**
EMS